## CHARLES CLEMENT'S ADMRS.

v.

## SARAH A. PUTNAM ET AL.

### JANUARY TERM, 1896.

*Construction of deed.    Fill of earth may be structure.    Injunction.*

1.  Crampton, being the owner of a building lot the surface of which was some eight feet below the sidewalk, conveyed the southerly end of it to Clement with the condition that he would never build any "structure or building" within four feet of the westerly line and Clement erected a block with basement upon the land.   Subsequently Crampton conveyed the balance of the lot to the defendants subject to the condition in Clement's deed, and they erected a building within four feet of the westerly line of Clement and were proposing to fill up the space between the two buildings with earth to a level with the sidewalk.   *Held*, not permissible, for this would be putting a structure upon the space which was to be left open.

2.  If an injunction bill is brought and a preliminary injunction granted upon two grounds, the fact that one of them is subsequently abandoned by the orator, is no reason for dissolving the injunction or dismissing the bill, if the other ground is tenable.

Bill for an injunction.   Heard at the September term, 1895, Rutland county, upon the pleadings and a master's report.   Ross, Chancellor, *pro forma*, enjoined the defendant from placing any fill of earth or other structure upon the

four-feet strip between the two buildings. The defendants appeal.

*Joel C. Baker* for the orator.

It was the intention of the parties to keep the four-feet strip open for the benefit of the basement as well as any other part of the structure. *Peck* v. *Conway*, 119. Mass. 546; *Suffolk* v. *Brown*, 4 DeG. J. & S. 185; *Wilder* v. *Wheeldon*, 56 Vt. 344.

*Edward Dana* and *H. A. Harman* for the defendants.

The fill of earth would not be a structure. *Atty. Gen.* v. *Gardiner*, 117 Mass. 492; *Nowell* v. *Boston Acad. of Notre Dame*, 130 Mass. 209.

ROWELL, J. Crampton, grantor of the parties, owned a vacant lot, the building formerly standing thereon having been burned, and the surface of the land, which was the bottom of the cellar of the building, was six or eight feet below the level of the sidewalk. On June 20, 1881, by his deed of that date duly executed and recorded, Crampton conveyed the southerly end of said lot to Clement, the plaintiff's intestate, and therein agreed and bound himself, his heirs, executors, and assignees, never to build any "structure or building" on his premises adjacent to the premises thereby conveyed within four feet of the west line thereof. Clement soon erected a building on his lot, and extended it to the west line thereof next to the four-foot strip. He put a boiler into the basement for heating the building, and made a door, opening from the basement onto said strip, and built a pair of stairs, down which he went from the sidewalk to get into the boiler-room, which was the only way he provided for access thereto, and which he continued to use till the modi-

fication of the injunction herein granted. On August 14, 1891, by his deed of that date duly executed and recorded, Crampton conveyed to the defendants the remainder of said lot, " subject to the condition and restriction " contained in his deed to Clement, and referred to said deed and to the record thereof for a "full and particular description of restriction as to building referred to above."

Soon after the defendants bought, they built a block on their land, but not within four feet of the orator's west line. They make no claim that they are not bound by their grantor's covenant in the orator's deed, and therefore we do not consider the question, and they expressly concede in argument that they have no right to fill said space to the level of the sidewalk with a building or a structure of any kind, but they claim a right to fill it with earth to that level, and to concrete the top, in order to protect their basement wall from injury by the elements, and to make the space look better, because they say that an earth filling is not a building nor a structure within the meaning of said deed ; and whether it is or not, is the question they present. The orators do not now claim a right of access to their basement over said strip, but only a right to have the space left vacant for light and air.

The defendants concede by their position that the deed is operative from the surface of the land and not alone from the level of the sidewalk. On this basis, there would seem to be no well-grounded distinction between the right of filling below or above the sidewalk ; and if an earth filling below the walk is permissible, it is equally so above it, which would nullify the restriction. But the fair construction of the deed is, that from the lowest level to which it applies, the space shall be kept vacant, and not that it shall not be filled in a certain manner ; and hence an earth filling may well be deemed a structure within the meaning of the deed. Any other construction would frustrate the manifest intention of the parties to the instrument.

The defendants claim that the preliminary injunction should be dissolved or modified, with costs, for that its basis was, the unfounded claim in the bill of a right of passage over said strip.    But that was not its sole basis, but the orator's claim to have the space kept vacant for light and air was also a ground, and that claim is sustained.    As to the passage way, the injunction was long since modified, and since then the parties have occupied the strip in a manner satisfactory to both, pending the litigation.    If the defendants have suffered damage by reason of the injunction covering too much, they have the ordinary remedy in such cases.

Nor can the bill be dismissed because it claimed too much. It is sustainable to the extent of the right established.

*Decree affirmed and cause remanded.*